## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

BENJAMIN WITTES,
1775 Massachusetts Avenue NW
Washington, DC 20036, and

SCOTT R. ANDERSON,
1775 Massachusetts Avenue NW
Washington, DC 20036,

                 Plaintiffs,

   v.

U.S. FEDERAL BUREAU OF
INVESTIGATION
935 Pennsylvania Avenue, NW
Washington, D.C. 20535,

               Defendant.

Civil Action No. _____

## **COMPLAINT**

1.      Plaintiffs Benjamin Wittes and Scott R. Anderson bring this action against the Federal Bureau of Investigations ("FBI") to compel compliance with the Freedom of Information Act ("FOIA") by releasing records relating to allegations of inconsistent discipline of FBI personnel in response to the personal expression of political views that are generating significant public concern.  *See* 5 U.S.C. § 552.  Plaintiffs allege as follows:

2.      Throughout his more than two-decade career as an FBI agent, Peter Strzok was involved in numerous high-profile and sensitive investigations, including the criminal investigation into former Secretary Hillary Clinton's use of a private email server and

investigations into Russian interference in the 2016 Presidential election.[1]  On June 15, 2018, the FBI proposed to fire Mr. Strzok from his position as an FBI agent in response to recently discovered private communications between Mr. Strzok and an FBI attorney, Lisa Page, from prior years that were critical of then-candidate, now President, Donald Trump.  Despite a negotiated agreement from the FBI's Office of Professional Responsibility ("OPR") on August 8, 2018 determining that Mr. Strzok should be demoted and receive a 60-day suspension, the FBI abruptly fired Mr. Strzok the following day, August 9, 2018.[2]

3.      On August 6, 2019, Mr. Strzok filed a lawsuit against DOJ, alleging that he was subject to viewpoint discrimination by the FBI and was treated differently than others because his communications were critical of President Trump.  Mr. Strzok alleges that while he and others who expressed negative views of President Trump have been subject to discipline, the FBI has not taken any action against agents who have expressed negative views of Secretary Clinton, specifically during the 2016 presidential campaign.[3]

4.      It has been publicly reported that the FBI maintains an internal database that tallies discipline of FBI personnel.  In a May 2009 report entitled "Review of the Federal Bureau of Investigation's Disciplinary System," the Justice Department's Office of the Inspector General described the FBI's use of the Case Management System as follows: "The FBI implemented the Case Management System to track allegations, investigations, adjudications, and appeals in a

---

[1]Aruna Viswanatha, *Former FBI Agent Sues Justice Department Over Firing*, The Wall Street Journal (Aug. 6, 2019), https://www.wsj.com/articles/former-fbi-agent-sues-justice-department-over-firing-11565116096?mod=searchresults&page=1&pos=4; Del Quentin Wilber, *Inside the FBI Life of Peter Strzok and Lisa Page, as Told in Their Text Messages*, The Wall Street Journal (Feb. 2, 2018), https://www.wsj.com/articles/inside-the-fbi-life-of-peter-strzok-and-lisa-page-as-told-in-their-text-messages-1517589380; Alex Hosenball, Mike Levin, and Pierre Thomas, *Special counsel Robert Mueller has assembled a team of 16 seasoned prosecutors*, ABC News (Sept. 29, 2017), https://abcnews.go.com/Politics/special-counsel-robert-mueller-assembled-team-16-seasoned/story?id=50186443.
[2] Complaint, *Peter Strzok v. Attorney General William F. Barr, et. al.,* 1:19-CV-2367 (D.D.C. Aug. 6, 2019).
[3] *Id.*

database in November 2004.  One section of the Case Management System tracks precedent decisions for each offense."[4]

5.      Federal regulations covering FBI personnel state that an FBI employee has the right to "[e]xpress his or her opinion as an individual privately and publicly on political subjects and candidates."  5 C.F.R. § 734.402(a).

6.      Upon information and belief, the FBI has used Mr. Strzok's case as a training example.  Upon information and belief, in or about August 2018, the FBI held an ethics training for senior executives that incorporated Mr. Strzok's communications that led to his firing.  It is unclear how the training program defined the rights employees have to privately express their views on investigative subjects and when such views constitute fireable offenses.

7.      Accordingly, on August 14, 2019 and August 19, 2019, Plaintiffs submitted seventeen FOIA requests for records from the Case Management System ("CMS") that the FBI uses to track misconduct cases against FBI employees.  Eight of the requests seek records concerning misconduct allegations against FBI employees for making inappropriate comments, either positive or negative, about the four most recent presidential nominees: Donald Trump, Barack Obama, Hillary Clinton, and Mitt Romney.  An additional eight FOIA requests seek records pertaining to any penalties related to such misconduct allegations.  The seventeenth request seeks records that the FBI may have concerning allegations and related penalties against FBI personnel who may make inappropriate political comments, including statistics on the total number of cases.  Plaintiffs also submitted an eighteenth FOIA request, on August 14, 2019, seeking a copy of the August 2018 ethics presentation to senior FBI executives, including any materials related thereto.

---

[4] U.S. Dep't of Justice Office of the Inspector General Evaluation and Inspections Division, *Review of the Federal Bureau of Investigation's Disciplinary System*, at 28 (May 2009), https://oig.justice.gov/reports/FBI/e0902/final.pdf.

## JURISDICTION AND VENUE

8.     This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 5 U.S.C. § 552(a)(4)(B).

9.     Venue is proper pursuant to 5 U.S.C. § 552(a)(4)(B).

## PARTIES

### A.  Plaintiffs

10.     Plaintiff Benjamin Wittes is the Editor-in-Chief of *Lawfare*, an online publication published by The Lawfare Institute, a 501(c)(3) not-for-profit educational organization, and a Senior Fellow in Governance Studies at the Brookings Institution.  Lawfare is dedicated to informing public understanding on the operations and activities of the federal government.

11.     Plaintiff Scott R. Anderson is a Senior Editor of *Lawfare* and Fellow in Governance Studies at the Brookings Institution.

12.     Plaintiffs intend to make public records obtained through these FOIA requests and provide information about and analysis of the records as appropriate on *Lawfare*'s website, www.lawfareblog.com.

### B.  Defendant

13.     Defendant Federal Bureau of Investigation is an agency of the executive branch of the federal government of the United States.  Defendant is headquartered at 935 Pennsylvania Ave. NW, Washington, DC 20535.  Defendant has possession, custody, and control of the records that Plaintiffs seek.

## FACTUAL ALLEGATIONS

14.     On August 14, 2019, Plaintiffs sent a FOIA request (the "First Request") to Defendant using their online eFOIPA Request System, seeking the following records:

1.      Any records relating to any case in which an FBI employee
        was accused of misconduct relating to any partisan or
        political statements he or she may have made, including
        positive or negative statements he or she may have made
        about any candidates in elections or elected officials;

2.      Any records relating to any oral reprimand, letter of
        censure, suspension, demotion, removal, or any other
        adverse or non-adverse action that an FBI employee
        received for alleged misconduct relating to any partisan or
        political statements he or she may have made, including
        positive or negative statements he or she may have made
        about any candidates in elections or elected officials; and

3.      Any records indicating the actual or approximate number of
        FBI employees who: (a) have been accused of misconduct
        as described in paragraph 1 above; or (b) received any
        adverse or non-adverse action for alleged misconduct as
        described in paragraph 2 above in any given time period.

That same day, Plaintiffs received an email receipt confirming submission of this request.  A true

and correct copy of the email confirmation for Plaintiffs' First Request is attached as Exhibit A.

        15.     On August 14, 2019, Plaintiffs sent an additional FOIA request (the "Second

Request") to Defendant using their online eFOIPA Request System, seeking the following

records:

1.      A copy of all slides from any powerpoint presentation
        given to members of the Senior Executive Service ("SES")
        in August 2018 that made specific reference to Peter Strzok
        or Lisa Page, including but not limited to those entitled
        "FBI Fundamentals: Doing the Right Thing the Right
        Way," or anything similar, and those presented by
        personnel from the FBI's Office of Professional
        Responsibility ("OPR") or Office of Integrity and
        Compliance ("OIC");

2.      Any audio or video recording of any presentations
        identified in paragraph 1;

3.      Any handouts, readings, or other written materials
        Disseminated electronically or in hard copy in association
        with any presentations identified in paragraph 1; and

      4.       Any e-mail communications discussing the development, review, and clearance of any powerpoint presentations identified in paragraph 1.

That same day, plaintiffs received an email receipt confirming submission of this request. A true and correct copy of the email confirmation for Plaintiffs' Second Request is attached as Exhibit B.

      16.      On August 19, 2019, Plaintiffs sent eight additional FOIA requests to Defendant using their online eFOIPA Request System, requesting any records in the FBI's Case Management System for disciplinary measures, or any successor system, indicating that an FBI employee was accused of misconduct relating to: (1) negative statements he or she made about Barack H. Obama (the "Third Request"); (2) positive statements he or she made about Barack H. Obama (the "Fourth Request"); (3) negative statements he or she made about Willard Mitt Romney (the "Fifth Request"); (4) negative statements he or she made about Hillary R. Clinton (the "Sixth Request"); (5) negative statements he or she made about Donald J. Trump (the "Seventh Request"); (6) positive statements he or she made about Donald J. Trump (the "Eighth Request"); (7) positive statements he or she made about Hillary R. Clinton (the "Ninth Request"); and (8) positive statements he or she made about Willard Mitt Romney (the "Tenth Request"). That same day, plaintiffs received email receipts confirming submission of these requests. True and correct copies of the email confirmations for Plaintiffs' Third through Tenth Requests are attached as Exhibit C, Exhibit D, Exhibit E, Exhibit F, Exhibit G, Exhibit H, Exhibit I, and Exhibit J.

      17.      On August 19, 2019, Plaintiffs sent eight additional FOIA requests to Defendant using their online eFOIPA Request System, requesting any records in the FBI's Case Management System for disciplinary measures, or any successor system, indicating that an FBI

employee was the subject of an oral reprimand, letter of censure, suspension, demotion, removal, or any other adverse or non-adverse action for alleged misconduct relating to: (1) negative statements he or she made about Barack H. Obama (the "Eleventh Request");  (2) positive statements he or she made about Barack H. Obama (the "Twelfth Request"); (3) negative statements he or she made about Willard Mitt Romney (the "Thirteenth Request"); (4) positive statements he or she made about Willard Mitt Romney (the "Fourteenth Request"); (5) negative statements he or she made about Hillary R. Clinton (the "Fifteenth Request"); (6) positive statements he or she made about Hillary R. Clinton (the "Sixteenth Request"); (7) negative statements he or she made about Donald J. Trump (the "Seventeenth Request"); and (8) positive statements he or she made about Donald J. Trump (the "Eighteenth Request").  That same day, plaintiffs received email receipts confirming submission of these requests.  True and correct copies of the email confirmations for Plaintiffs' Eleventh through Eighteenth Requests are attached as Exhibit K, Exhibit L, Exhibit M, Exhibit N, Exhibit O, Exhibit P, Exhibit Q, and Exhibit R.

18.     Plaintiffs sought fee waivers pursuant to 5 U.S.C. § 552(a)(4)(A)(iii) and 28 C.F.R. § 16.10(k).  *See* Exhibits A through R.

19.     Plaintiffs demonstrated that they satisfy the requirements for fee waivers based on their status as representatives of the media and because disclosure of the information "is likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requester."  5 U.S.C. § 552(a)(4)(A)(ii)-

(iii).  Significant public concern exists regarding the FBI's discipline of Mr. Strzok, and the information sought via Plaintiffs' FOIA requests is central to such concerns.[5]

20.     Plaintiffs also requested expedited processing pursuant to 5 U.S.C. § 552(a)(6)(E) and 28 C.F.R. § 16.5(e).  Exhibits A through R.  Plaintiffs' requests were narrowly tailored to make it easy for the FBI and DOJ to respond to them in an expedited fashion.

21.     Plaintiffs demonstrated that they satisfy the requirement for expedited processing based on the "urgency to inform the public about an actual or alleged Federal Government activity" and because the requests concern a "matter of widespread and exceptional media interest in which there exist possible questions about the government's integrity that affect public confidence." 28 C.F.R. § 16.5(e)(1)(ii), (iv).  The matter at issue has generated substantial media coverage and continues to call into question the integrity of the FBI's investigations as well as its discipline of Mr. Strzok and Lisa Page.[6]   With the December 9, 2019 release of the Office of the Inspector General's report on the FBI's investigation into Russian interference in the 2016 election, which noted that certain FBI agents involved in the investigation exchanged personal communications that were favorable to President Trump, extensive headline news coverage on this subject has persisted.[7]

---

[5] Patricia Ravalgi, *Once-Heroic Agents Have Helped Trump's Effort to Divide and Conquer the FBI*, The Daily Beast (Dec. 2, 2019), https://www.thedailybeast.com/under-trump-once-heroic-fbi-agents-have-helped-potus-efforts-to-divide-and-conquer-the-bureau; Gerald F. Seib, *American Institutions Become Collateral Damage Amid Impeachment Fight*, The Wall Street Journal, (Nov. 18, 2019), https://www.wsj.com/articles/collateral-damage-american-institutions-hurt-amid-impeachment-fight-11574088848?mod=searchresults&page=1&pos=1; Courtney Buble, *Former FBI Agent Peter Strzok's Lawsuit Highlights a Gray Area in the Hatch Act,* Government Executive (Aug. 9, 2019), https://www.govexec.com/workforce/2019/08/former-fbi-agent-peter-strzoks-lawsuit-highlights-gray-area-hatch-act/159075/.
[6] *Id.*
[7] U.S. Dep't of Justice Office of the Inspector General, *Review of Four FISA Applications and Other Aspects of the FBI's Crossfire Hurricane Investigation*, at p. 339 FN 447 (Dec. 2019), https://www.justice.gov/storage/120919-examination.pdf; *see also* Aaron Blake, *4 takeaways from the Horowitz report on the Russia investigation*, The Washington Post, (Dec. 9, 2019), https://www.washingtonpost.com/politics/2019/12/09/takeaways-horowitz-report-russia-investigation/.

22.     On August 28, 2019, Defendant acknowledged receipt of Plaintiffs' Third Request and, in separate correspondence, denied expedited processing on the ground that Plaintiffs "ha[d] not provided enough information concerning the statutory requirements for expedition[.]"  True and correct copies of these letters from the Defendant are attached as Exhibits S and T.  Both letters reference "FOIPA Request No. 1445323-000," which is not clearly associated with any of Plaintiffs' requests.  That said, the FBI's online eFOIPA Request System associates both letters with the Plaintiffs' Third Request, which it identifies using the internal reference number "07396d0."  A screenshot of the eFOIPA Request System showing the two eFOIPA files in response to "Submission: 07396d0" is attached as Exhibit U.

23.     Pursuant to FOIA, "[e]ach agency, upon any request for records [under FOIA], shall . . . determine within 20 days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of any such request whether to comply with such request and shall immediately notify the person making such request . . . ."  5 U.S.C. § 552(a)(6)(A)(i).  "Any person making a request to any agency for records under [FOIA] shall be deemed to have exhausted his administrative remedies with respect to such request if the agency fails to comply with the applicable time limit provisions . . . ."  5 U.S.C. § 552(a)(6)(C)(i).  Plaintiffs submitted two FOIA requests on August 14, 2019 and the remaining sixteen FOIA requests on August 19, 2019, respectively.  The 20-day deadline for the former requests thus expired on September 12, 2019, and for the latter requests on September 17, 2019.

24.     To date, Defendant has failed to make any of the determinations or notifications required by 5 U.S.C. § 552(a)(6)(A)(i) in relation to any of Plaintiffs' eighteen requests.  Nor has Defendant responded to any of the Plaintiffs' requests for fee waivers or seventeen of the Plaintiffs' eighteen requests for expedited processing.

25.     Defendant has no lawful basis for failing to produce any responsive records

requested by Plaintiffs.

## FIRST CLAIM FOR RELIEF
### (Violation of FOIA, 5 U.S.C. § 552)

26.     Plaintiffs re-allege and incorporate by reference all other paragraphs.

27.     Defendant FBI is in violation of FOIA by failing to respond to Plaintiffs' requests

within the statutorily prescribed time limit and by unlawfully withholding records responsive to

Plaintiffs' requests.

28.     Accordingly, Plaintiffs are entitled to an order compelling the FBI to grant

Plaintiffs' requests for records and to release, as soon as practicable, any responsive records.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that the Court:

a. Declare that Plaintiffs are entitled to fee waivers under 5 U.S.C. § 552(a)(4)(A)(iii) and 28 C.F.R. § 16.10(k);

b. Declare that the records sought by Plaintiffs in their FOIA requests are public records under 5 U.S.C. § 552(a)(2)(D), which should be disclosed pursuant to 5 U.S.C. §§ 552(a)(6)(A) and 552(a)(3)(A) and Defendant's corresponding regulations;

c. Order Defendant to grant Plaintiffs' requests for fee waivers;

d. Order Defendant, by a date certain, to conduct an adequate search that is reasonably likely to lead to the discovery of any and all records responsive to Plaintiffs' requests;

e. Order Defendants, by a date certain, to produce to Plaintiffs any and all non-exempt records or portions of records responsive to Plaintiffs' request, as well as a *Vaughn* index of any records or portions of records withheld due to a claim of exemption;

f. Award Plaintiffs attorneys' fees and other reasonable costs incurred in this action, *see* 5 U.S.C. § 552(a)(4)(E);

g. Grant Plaintiffs such other relief as the Court deems appropriate.

Dated: December 18, 2019                    Respectfully submitted,


                                  By:  */s/ Robert S. Litt*

                                       Robert S. Litt (DC Bar No. 312470)
                                       MORRISON & FOERSTER LLP
                                       2000 Pennsylvania Avenue, NW
                                       Suite 6000
                                       Washington, DC 20006
                                       (202) 887-1588
                                       rlitt@mofo.com

                                       *Counsel for Plaintiffs*