# Exhibit A



Scott Anderson <scott.anderson@lawfareblog.com>

## eFOIA Request Received

**efoia@subscriptions.fbi.gov** <efoia@subscriptions.fbi.gov>  Wed, Aug 14, 2019 at 5:09 PM
To: scott.anderson@lawfareblog.com

### Organization Representative Information

| | |
|---:|:---|
| **Organization Name** | Lawfare |
| **Prefix** | |
| **First Name** | Scott |
| **Middle Name** | |
| **Last Name** | Anderson |
| **Suffix** | |
| **Email** | scott.anderson@lawfareblog.com |
| **Phone** | |
| **Location** | United States |

### Domestic Address

| | |
|---:|:---|
| **Address Line 1** | 1775 Massachusetts Ave., NW |
| **Address Line 2** | |

| | |
|---|---|
| City | Washington |
| State | District of Columbia |
| Postal | 20036 |

## Agreement to Pay

| | |
|---|---|
| How you will pay | I am requesting a fee waiver for my request and have reviewed the FOIA reference guide. If my fee waiver is denied, I am willing to pay additional fees and will enter that maximum amount in the box below. |
| Allow up to $ | 500 |

## Proof Of Affiliation for Fee Waiver

Waiver Explanation

```
FOIA provides that any fees associated with a request are
waived if
â€œdisclosure of the information is in the public interest
because it is
likely to contribute significantly to public understanding of
the operations
or activities of the government and is not primarily in the
commercial
interest of the requester.â€  5 U.S.C. Â§ 552(a)(4)(A)(iii).

We are the editor-in-chief and senior editor for Lawfare, an
online
publication dedicated to informing public understanding on
operations and
activities of the government. Lawfare is published by The
Lawfare Institute,
a 501(c)(3) not-for-profit educational organization, and in
cooperation with
The Brookings Institution, a 501(c)(3) nonprofit public policy
organization.
This request is submitted in connection with Lawfareâ€™s
mission to publish
information that is likely to contribute significantly to the
public
understanding of federal agency activities related to law and
national
security. A former senior FBI official who was the subject of
disciplinary
action due to certain private communications recently accused
```

```
the FBI and
Justice Department of â€œtreat[ing] [him] more harshly than
they would have
treated similar communications because the content of [his]
communications
was critical of President Trump.â€  This request is intended
to help determine
whether this allegation is true and FBI personnel may be under
inappropriate
political pressures as a result.

In addition to satisfying the requirements for a waiver of
fees associated
with the search and processing of records, we are entitled to
a waiver of
all fees except â€œreasonable standard charges for document
duplication.â€  5
U.S.C. Â§ 552(a)(4)(A)(ii)(II). Federal law mandates that fees
be limited to
document duplication costs for any requester that qualifies as
â€œa
representative of the news media.â€  Id. Lawfare is a â€œnews
media
organization[]â€  that â€œgathers information of potential
interest to a segment
of the public, uses its editorial skills to turn the raw
materials into a
distinct work, and distributes that work to an audience.â€
Natâ€™l Sec. Archive
v. Depâ€™t of Defense, 880 F.2d 1381, 1387 (D.C. Cir. 1989).
We intend to give
the public access to documents transmitted via FOIA on our
website,
https://www.lawfareblog.com, and to provide information about and
analysis
of those documents as appropriate.
```

**Documentation Files**

## Non-Individual FOIA Request

**Request Information**

```
Pursuant to the Freedom of Information Act (FOIA), 5 U.S.C. Â§
552, we hereby
request that your office produce the following records within
20 business
days:

1. Any records relating to any case in which an FBI employee
was accused of
misconduct relating to any partisan or political statements he
or she may
have made, including positive or negative statements he or she
may have made
about any candidates in elections or elected officials;

2. Any records relating to any oral reprimand, letter of
censure,
```

suspension, demotion, removal, or any other adverse or non-adverse action
that an FBI employee received for alleged misconduct relating to any
partisan or political statements he or she may have made, including positive
or negative statements he or she may have made about any candidates in
elections or elected officials; and

3. Any records indicating the actual or approximate number of FBI employees
who: (a) have been accused of misconduct as described in paragraph 1 above;
or (b) received any adverse or non-adverse action for alleged misconduct as
described in paragraph 2 above in any given time period.

This request is for documents held by, or accessible to, the FBI's Internal
Investigations Section (IIS) or Office of Professional Responsibility (OPR)
dating from November 20, 2011, to the present. We are not requesting the
names or any other personally identifiable information about the subjects of
these notices and do not object if such information is redacted. We do not
believe this request falls within the scope of any existing FOIA exemptions.
See Department of the Air Force v. Rose, 425 U.S. 352 (1976).

We also request any records describing the processing of this request,
including records sufficient to identify search terms used and locations and
custodians searched and any tracking sheets used to track the processing of
this request. If your agency uses FOIA questionnaires or certifications
completed by individual custodians or components to determine whether they
possess responsive materials or to describe how they conducted searches, we
also request any such records prepared in connection with the processing of
this request.

If you make a determination that any responsive record, or any segment
within a record is exempt from disclosure, we ask that you provide an index
of those records at the time you transmit all other responsive records. In
the index, please include a description of the record and the reason for
exclusion with respect to each individual exempt record or exempt portion of
a record, as provided by Vaughn v. Rosen, 484 F.2d 820 (D.C. Cir. 1973),
cert. denied, 415 U.S. 977 (1974). When you deem a portion of a record
exempt, we ask that the remainder of the record to be provided, as required
by 5 U.S.C. §§ 552(a)(8)(A)(ii) & 552(b).

## Expedite

**Expedite Reason**

```
FOIA provides for expedited processing where a requestor
â€œdemonstrates a
compelling need.â€  5 U.S.C. Â§ 552(a)(6)(E)(i). It defines
â€œcompelling needâ€
to include situations where a â€œrequest [is] made by a person
primarily
engaged in disseminating informationâ€  and there exists an
â€œurgency to inform
the public concerning actual or alleged Federal Government
activity.â€  Id. Â§
552(a)(6)(E)(v).

Lawfare is an organization primarily engaged in the
dissemination of
information. If FBI personnel are being disproportionately
punished due to
their political opinions, then this risks compromising a range
of important
law enforcement and national security investigations. There is
an urgent
need to inform the public whether these allegations are
accurate so that
they may encourage their political leaders to correct this
behavior and
avoid further compromising any ongoing investigations.
```

[Quoted text hidden]